Kennedy v. Gardner, et al.          CV-96-574-B    05/28/98

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Richard E. Kennedy</u>

          v.                                    C-96-574-B

<u>William M. Gardner, et al.</u>



<u>**MEMORANDUM AND ORDER**</u>

Richard E. Kennedy brings this action, pursuant to 42 U.S.C.A. § 1983 (West Supp. 1998), against the New Hampshire officials responsible for administering the state's election and campaign-finance laws.  He argues that New Hampshire's voluntary campaign and expenditure laws and the state's outright ban on corporate campaign contributions violate his rights under the First and Fourteenth Amendments.  At a hearing on February 24, 1998, I denied Kennedy's motion for summary judgment on the ground that the record would not support a conclusion that he had standing to sue.  Rather than dismissing his claims, however, I gave him a final chance to demonstrate standing on a more complete record.  Having received his recent submissions, I conclude that Kennedy has standing to maintain his challenge to New Hampshire's voluntary campaign expenditure laws.  However, I dismiss his attack on the state's corporate contribution statute.

# I.  BACKGROUND

At issue in this case is whether several of New Hampshire's election and campaign-finance laws violate the First and Fourteenth Amendments to the United States Constitution.  Three of the challenged provisions affect candidates for state and federal office who do not voluntarily agree to limit campaign expenditures.  These provisions require such candidates to submit petitions and pay a filing fee when declaring their candidacies, see N.H. Rev. Stat. Ann. §§ 655:19, 655:22 (1996), and require the petitions to include statements informing signatories that the candidate seeking the petitions may not have agreed to a voluntary spending cap, see N.H. Rev. Stat. Ann. § 655:20(II) (1996).  Candidates who voluntarily agree to a spending cap pursuant to N.H. Rev. Stat. Ann. §§ 664:5-a and 664:5-b (1996) are exempted from complying with these requirements.  N.H. Rev. Stat. Ann. § 655:19-b (1996).  The fourth provision at issue bans all corporate political contributions to candidates, including those made by an officer or director of a corporation on behalf of a corporation.  N.H. Rev. Stat. Ann. § 664:4(I) (1996).

Kennedy recently informed the court that he intends to enter the 1998 Republican primary as a candidate for the State

legislature.  Because he will not voluntarily agree to limit his campaign expenditures, Kennedy will have to comply with New Hampshire's petition and filing-fee requirements unless he succeeds in having the requirements declared unconstitutional. Kennedy also claims that he will be injured by the statutory ban on corporate contributions because the ban is preventing him from: (1) making contributions to other candidates on behalf of corporations with which he is affiliated; and (2) soliciting contributions from corporations for his own campaign.

## II.  DISCUSSION

Both constitutional and prudential considerations potentially constrain a plaintiff's standing to sue in federal court.  Bennett v. Spear, 117 S. Ct. 1154, 1161 (1997).  The "irreducible constitutional minimum of standing" consists of three requirements: (i) the plaintiff must have suffered an "injury in fact," (ii) the cause of the alleged injury must be "fairly . . . traceable" to the defendant, and (iii) the injury must be "redress[able] by a favorable decision."  Bennett, 117 S. Ct. at 1163 (internal citations omitted) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  The plaintiff bears the burden of meeting these requirements.  Berner

v. Delahanty, 129 F.3d 20, 23-24 (1st Cir. 1997), cert. denied, 118 S. Ct. 1305 (1998).

To satisfy the Constitution's injury-in-fact requirement, a plaintiff must demonstrate (i) the deprivation of a "legally protected interest," (ii) that is "concrete" and "particularized" in the sense that the alleged injury must affect the plaintiff in a "personal and individual way," and (iii) that is either "actual" or "imminent." Defenders of Wildlife, 504 U.S. at 560-61 & n.1. When a plaintiff seeks prospective relief, as Kennedy does here, past exposure to illegal conduct will not suffice to show imminent harm. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). Rather, in order to establish imminence at the summary judgment stage, a plaintiff must set forth facts showing that the "injury is certainly impending," Adarand Constructors, Inc. v. Pena, 115 S. Ct. 2097, 2105 (1995) (internal quotations omitted) (quoting Defenders of Wildlife, 504 U.S. at 565 n.2), such that there is "a sufficient likelihood that he will . . . be wronged," Lyons, 461 U.S. at 111; Berner, 129 F.3d at 24.[1]

_____

[1] I informed Kennedy when I denied his motion for summary judgment that I would award summary judgment to the defendants unless he could produce sufficient evidence to support a conclusion that he had standing to maintain his claims. Since I have given Kennedy "appropriate notice and a chance to present

4

Accordingly, to satisfy the constitution's injury-in-fact requirement at this stage of the case, Kennedy must set forth specific facts showing that he has a concrete, particularized, and imminent stake in the outcome of the case. I examine in turn whether Kennedy has set forth facts sufficient to show that he has standing to challenge New Hampshire's petition and filing-fee requirements as well as its ban on corporate contributions.

## A.   Petition and Filing-Fee Requirements

The evidence Kennedy sets forth to support his standing to challenge the state's petition and filing-fee requirements satisfies all three parts of the injury-in-fact test. A declared candidate for public office has a legally-protected interest in becoming a candidate sufficient to satisfy Article III standing requirements. See Clements v. Fashing, 457 U.S. 957, 961-62 (1982); Gralike v. Cook, --- F. Supp. ----, No. 96-4417-CV-C-9, 1998 WL 59231, at *4 (W.D. Mo. Jan. 15, 1998). Here, Kennedy has shown that he has a legally-protected interest at stake by stating that he intends to enter the 1998 Republican primary as a

---

[his] evidence on the essential elements of [his] claim," it is appropriate to address the standing issue under Fed. R. Civ. P. 56 even though defendants have not moved for summary judgment. Vazquez v. Lopez-Rosario, 134 F.3d 28, 36 (1st Cir. 1998)(quoting Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996)).

5

candidate for the Merrimack District No. 7 seat.

In addition, because a declared candidate has a greater interest in seeking office than a member of the general public, legislation that places a barrier in such a candidate's way constitutes a deprivation of the candidate's "particularized" legal interest in seeking elective office. See Clements, 457 U.S. at 961-62; Gralike, 1998 WL 59231, at *4. The state's petition and filing-fee requirements thus will cause Kennedy to suffer a particularized injury.

Finally, Kennedy has demonstrated that his claimed injury is sufficiently imminent to qualify as an injury-in-fact. In Clements, the Supreme Court held that where a potential candidate becomes subject to the challenged statutory provisions by declaring his candidacy, the candidate faces an impending injury sufficient to satisfy the imminence prong of the injury-in-fact requirement. See 457 U.S. at 962; Gralike, 1998 WL 59231, at *6; Zielasko v. Ohio, 693 F. Supp. 577, 581-82 (N.D. Ohio 1988); see also Berner, 129 F.3d at 24 (where strong probability exists that plaintiff will again be subject to speech-limiting conditions, plaintiff faces imminent harm sufficient to satisfy injury-in-fact requirement of standing doctrine); cf. Vote Choice, Inc. v. DiStefano, 4 F.3d 26, 36-37 (1st Cir. 1993) (choice of whether to

6

accept or decline public financing when declaring candidacy gave rise to actual injury sufficient to satisfy injury-in-fact requirement of standing doctrine). Kennedy's recently announced decision to seek elective office this year satisfies this requirement.

As Kennedy has demonstrated that the state's petition and filing-fee requirements will cause him to suffer an injury-in-fact and there is no dispute both that Kennedy's alleged injury is "fairly traceable" to the defendants' conduct and that it could be redressed by a favorable ruling, I conclude that Kennedy has standing to challenge the petition and filing-fee requirements.

B. **Corporate-Officer Political-Contribution Ban**

Kennedy also seeks to challenge the New Hampshire law barring corporations from making campaign contributions to candidates for public office. See e.g., N.H. Rev. Stat. Ann. § 664:4. He argues that § 664:4 will cause him actual, particularized and imminent injury to a protected legal interest because the statute is preventing him from: (1) making a contribution to a candidate for state senate on behalf of a corporation with which he is affiliated; and (2) soliciting corporate contributions for his own campaign. I find neither

7

argument persuasive.

While an officer or shareholder may assert a corporation's interests in litigation in certain limited circumstances, the officer or shareholder must himself have suffered an injury-in-fact to his or her own protected interest in order to have standing to sue on the corporation's behalf. See Des Vergnes v. Seekonk Water Dist., 601 F.2d 9, 15 (1st Cir. 1979); Searcy v. Houston Lighting & Power Co., 907 F.2d 562, 564-65 (5th Cir.), cert. denied, 498 U.S. 970 (1990); Flynn v. Merrick, 881 F.2d 446, 449-50 (7th Cir. 1989); Soranno's Gasco Inc. v. Morgan, 874 F.2d 1310, 1318-19 (9th Cir. 1989). Kennedy claims that the ban on corporate contributions injures him personally because it prevents him from making contributions on a corporation's behalf. Merely being deprived of the opportunity to serve as a conduit for a corporation's contributions, however, does not implicate the type of legally protected interest contemplated by Article III.[2]  Therefore, he cannot base his standing to sue on his status as a corporate officer.

---

[2]  I note that the record contains no evidence suggesting that the corporation on whose behalf Kennedy plans to make the contribution is unable to sue to protect its own interests. Thus, this is not a case where Kennedy is the only person or entity who is in a position to protect the interests he is seeking to vindicate in this action.

8

Kennedy's claim that he has standing as a candidate to challenge the ban on corporate contributions fares no better. While Kennedy has stated his desire to solicit contributions from a specific corporation, he has failed to allege any facts that would support a conclusion that he would be successful in obtaining a contribution from the corporation if the ban were not in place. Without some evidence to support a finding that, but for the ban, one or more corporations are prepared to make a contribution to his campaign, Kennedy's allegation that the defendants have injured him in his capacity as a candidate for public office is too conjectural to satisfy Article III's injury-in-fact requirement. See, e.g., Defenders of Wildlife, 504 U.S. at 564 ("Such 'some day' intentions -- without any description of concrete plans, or indeed even any specification of when the some day will be -- do not support a finding of the 'actual or imminent' injury that our cases require."). As Kennedy has failed to allege sufficient facts to support a finding that he has standing to challenge the corporate contribution statute, I dismiss his challenge for lack of standing.

## III.  CONCLUSION

For the reasons described herein, I conclude that Kennedy

9

has standing to challenge New Hampshire's petition and filing-fee laws. However, I dismiss his challenge to the corporate contribution statute.

SO ORDERED.


_____
Paul Barbadoro
Chief Judge

May 28, 1998

cc:  Philip Cobbin, Esq.
     William Knowles, Esq.
     Wynn Arnold, Esq.

10